IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                     Plaintiff,

    v.

JEFFERY ROBINSON,

                     Defendant.

ORDER

08-cr-153-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Jeffery Robinson has filed a Petition for Writ of Error Coram Nobis pursuant to Title 28 U.S.C. § 1651. Coram nobis petitions are available only to persons who are no longer subject to any form of custody. United States v. Keane, 852 F.2d 199, 203 (7th Cir. 1988). Because defendant is still in custody he is ineligible to use this mechanism to challenge his conviction.

      Although defendant characterizes his motion as one brought under certain provisions of Title 18, it is actually a motion for modification of his sentence and must be brought pursuant to 28 U.S.C. § 2255 and subject to the rules of the Anti-terrorism and Effective Death Penalty Act. Any motion that is filed in the sentencing court that is substantively within the scope of § 2255 must be filed as a § 2255 motion. Melton v. United States, 359

1

F.3d 855, 857 (7th Cir. 2004). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." Id. (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir.1996)).

Section 2255 prohibits a defendant from filing a second or successive motion under § 2255 without certification by the court of appeals that the new motion contains newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." This motion is defendant's second attempt to challenge his sentence (which tends to explain his effort to avoid labeling it as a § 2255 motion). He filed a motion pursuant to § 2255 on March 24, 2010; that motion was denied in its entirety on March 30, 2010.

ORDER

IT IS ORDERED that defendant Jeffery Robinson's petition for a writ of error coram nobis is re-characterized as a motion brought pursuant to 28 U.S.C. § 2255 and dismissed because it is a successive collateral attack under that statute and this court lacks authority

to entertain it.

Entered this 2d day of November, 2010.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge